Lyons v. Frazier.

---

## LYONS v. FRAZIER.

The question whether two persons are rightly sued jointly in the county where one of them resides, cannot be tried by taking issue upon the facts stated in an affidavit of one of them, for a change of venue, on the ground that he resides in a different county than that in which suit was commenced.

An action of trespass against two defendants, F. and T., commenced in Alamakee county. At the return term, F. filed a motion for a change of

the venue of the cause, as regarded himself, to Clayton county, for the reason that he was a resident of that county, and averring in his motion, that he did not jointly with T., commit the trespass complained of; that whether guilty of committing the act singly and alone, he neither admits nor denies; and that T. was sued jointly with him, for the purpose of compelling him to come to trial in Alamakee county, and not because the said T. was guilty. The plaintiff demurred to the motion. The court overruled the demurrer, and informed the plaintiff, that he could take issue upon the facts stated in the motion, and ordered a jury to be impanneled to try T. upon the issues so presented, which should determine the question of jurisdiction over F. The plaintiff declined to go to the jury upon the grounds suggested by the court—whereupon the court discharged T., and ordered a change of venue as to F., and awarded him thirty dollars, for his expenses; *Held,* That the proceeding was erroneous.

*Appeal from the Alamakee District Court.*

Friday, April 15.

The plaintiff sued the two defendants, jointly, in the county of Alamakee, in trespass, for killing a mule, the property of the plaintiff. At the return term, Frazier filed a motion for a change of the venue of the cause, as regarded himself, to Clayton county, for the reason that he was a resident of that county, and not of Alamakee; and further averring, in his motion, that he did not, jointly with Town, commit the trespass complained of; that whether guilty of committing the act singly and alone, he neither admits nor denies; and that Town was sued jointly with him, for the purpose of compelling .him to come to trial in Alamakee county, and not because said Town was guilty.

The plaintiff demurred to this motion, seeming to regard it as a plea in abatement. The court overruled the demurrer, and directed the plaintiff that he could take issue upon the facts in the defendant's motion, and ordered a jury to be impanneled to try the defendant, Town, upon the issues so presented, which should determine the question of jurisdiction over Frazier. The plaintiff's counsel declined to go to the jury upon the ground suggested by the court;

and thereupon the court discharged the defendant, Town, and ordered a change of venue in respect to Frazier, and awarded him thirty dollars for his expenses. To this proceeding the plaintiff excepted, and it constitutes the ground for the assignment of errors.

*John T. Clark,* for the appellant.

WOODWARD, J.—The proceeding was erroneous. The rule concerning suing in a wrong county, is ordinarily more applicable to cases where one is sued alone. This is a case where two are sued, for a supposed joint trespass, and where they may be joined, if both are guilty, or if the plaintiff believe them so ; he taking his risk of the consequences in case it should appear that there was no cause against the one who is brought from his own county. We will not say that the above rule may not be applied to such a case, when the proper stage is arrived at ; but it cannot at the point where it is attempted here. Where an action is brought against two or more resident defendants, it must be commenced in the county where some of them dwell ; and others will, of necessity, be drawn from the place of their residence, if they reside in different counties.

The question whether two are rightly sued, jointly, cannot be tried in the manner directed by the court. It was erroneous to order the plaintiff to take issue on the motion of the defendant, Frazier, and thus try a part of the case. Substantial issues, like these, cannot be tried upon motion. This seems so clear, that it does not seem requisite to spend time in discussing it. The court erred in ordering the issue on Frazier's motion, in discharging Town, and in ordering a change of venue in respect to Frazier. Therefore the judgment is reversed, and the cause is remanded, with directions to proceed therein as required by law.